IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 0:13-480-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| William Lee Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. ECF No. 56. The Government filed a motion to dismiss or for summary judgment. ECF No. 60. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond.

On August 15, 2014, Defendant replied to the Government's motion, arguing that "[six] months after I was sentenced to 188 months my lawyer [James] Rogers wrote [two] letters saying I wasn't qualified for [the Armed Career Criminal enhancement] and I was falsely sentenced . . . ." Reply at 1, ECF No. 63. Defendant posits, "What kind of stuff is this, to wait [six] month[s] to tell me I am falsely sentenced, on his own." *Id*.

Out of an abundance of caution, the court notified the parties that it was considering Defendant's reply as an amendment to the § 2255 motion, asserting a claim of ineffective assistance of counsel. The court appointed counsel under 18 U.S.C. § 3006A(a)(2)(B) and directed supplemental briefing regarding the claim of ineffective assistance of counsel and related issues concerning Defendant's sentence as an armed career criminal. *See* Order, ECF No. 70.

On December 29, 2014, the Government responded to the court's briefing order. ECF No. 77. On January 23, 2015, Defendant, through counsel, replied.

1

On January 9, 2015, the United States Supreme Court ordered the parties in *Johnson v. United States*, 526 F. App'x 708 (8th Cir. 2013), *cert. granted*, __ U.S. __, 134 S. Ct. 1871 (2014), to brief "whether the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague." 574 U.S. __, 135 S. Ct. 939, No. 13-7120 (U.S. Jan. 9, 2015) (order restoring case to argument calendar for reargument and ordering supplemental briefing). This court determined the matter should be held in abeyance pending the decision in *Johnson*. On June 26, 2015, the Supreme Court held the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague. 576 U.S. __, __ S. Ct. __, 2015 WL 2473450 (U.S., June 26, 2015).

For reasons more fully explained below, the court finds counsel was ineffective at sentencing, that Defendant was prejudiced by counsel's ineffectiveness, that the sentence imposed January 8, 2014, should be vacated, and this matter should be set for resentencing.

**I. BACKGROUND**

In early June 2013, Defendant was indicted in this District for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On June 19, 2013, the Government filed an Information notifying Defendant that based upon his prior criminal record, he was subject to the enhanced penalties provided for in 18 U.S.C. § 924(e). ECF No. 23.[1]

On September 25, 2013, Defendant entered into a written plea agreement to plead to felon in possession. As a part of the plea agreement, Defendant waived his direct appeal rights and his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel

---

[1] The Information listed the following South Carolina prior convictions as potential qualifying predicate convictions: third degree burglary (four separate convictions); escape; assault on correctional employee; taking of hostage by inmate; and assault and battery, second degree. ECF No. 23.

2

and/or prosecutorial misconduct. On September 26, 2013, Defendant appeared before the court and after a thorough Rule 11 hearing (which Defendant does not challenge), entered a guilty plea to felon in possession.

A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal under the ACCA and faced a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment. The PSR found that Defendant's four prior convictions for South Carolina burglary third degree, as well as his convictions for assault on a correctional officer and taking of hostage by inmate, all qualified as "violent felonies" under the ACCA. *See* PSR ¶¶ 22, 24, 25, ECF No. 41.

No objections to the PSR were filed by either the Government or Defendant. On January 8, 2014, Defendant appeared for sentencing. The court denied Defendant's motion for downward variance and sentenced him to 188 months' imprisonment.[2] Defendant did not file a direct appeal.

## II. ORIGINAL MOTION

On July 1, 2014, the Clerk of Court received Defendant's motion for relief under 28 U.S.C. § 2255 which he had mailed June 27, 2014. Defendant's motion presents two grounds for relief: Defendant argues he was incorrectly found to be an armed career criminal (Ground One) and there was insufficient evidence of his guilt (Ground Two).

On July 14, 2014, the Government moved to dismiss or, in the alternative, for summary

---

[2]Based upon his status as an armed career criminal, Defendant's criminal history category was VI with an offense level 34. After a 3-level reduction for acceptance of responsibility, Defendant's total offense level of 31 and criminal history category VI produced a guideline range of 188 to 235 months' imprisonment. If Defendant had not been determined to be an armed career criminal, his total offense level would have been 27, with a criminal history category of V. This combination of offense level and criminal history category produces a guideline range of 120 to 150 months' imprisonment. However, the statutory maximum (10 years' imprisonment) would have become the applicable guideline range.

3

judgment, ECF No. 60, arguing that the grounds presented in Defendant's § 2255 motion are barred by the terms of the plea agreement and, if not, are without merit.[3]

Defendant filed a *pro se* response in opposition to the Government's original motion for summary judgment. ECF No. 63.

### A. WAIVER – STANDARD

In his plea agreement, Defendant waived his right to challenge his conviction or "the sentence" via direct appeal or by motion for relief pursuant to § 2255 except for claims of ineffective assistance of counsel and/or prosecutorial misconduct. Plea Agreement at ¶ 10, ECF No. 36. The Government contends that Defendant's two grounds for relief fall squarely within this waiver.

"Plea bargains rest on contractual principles, and each party should receive the benefit of its bargain." *United States v. Blick*, 408 F.3d 162, 173 (4th Cir. 2005) (internal quotation marks omitted). As a part of a plea bargain, "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States*

---

[3] The Government has not raised Defendant's procedural default of the claims he brings in the original § 2255 motion. Claims regarding trial court errors that could have been raised on direct appeal but were not are barred from review under § 2255 unless Defendant shows cause for the default and actual prejudice resulting from such errors, or can demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

The government must generally raise procedural default to justify its interest in the finality of a criminal judgment. *United States v. Metzger*, 3 F.3d 756, 757-58 (4th Cir. 1993) (reviewing issue not raised on direct appeal on merits after government failed to argue procedural default). When the government fails to raise procedural default, courts may raise procedural default *sua sponte* if the interests of "'judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice' militate against . . . addressing on the merits the [potentially defaulted issue]." *Id*. at 758 (quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)). *See also United States v. Linder*, 552 F.3d 391, 397 n.2 (4th Cir. 2009) (applying procedural default in spite of government failure to raise default because of "unique circumstances" of direct appeal in spite of appeal waiver). As noted above, the Government has not pursued the affirmative defense of procedural default. The court declines to dispose of this matter based upon Defendant's procedural default.

4

*v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). To determine whether a waiver is knowing and voluntary, courts examine factors such as "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (quoting *United States v. General*, 278 F.3d 389, 399 (4th Cir. 2002)). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id*. However, the issue is ultimately evaluated by reference to the totality of the circumstances. *United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002).

"[A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Even where an appellate waiver provision is valid, a court will not enforce the waiver to preclude "a few narrowly-construed errors" that fall automatically outside its scope. *United States v. Copeland*, 707 F.3d 522, 530 (4th Cir.), *cert. denied*, 571 U.S.__ , 134 S. Ct. 126 (2013) (internal quotation marks omitted). This "narrow class of claims" encompasses errors "the defendant could not have reasonably contemplated when the plea agreement was executed." *United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007) (internal quotation marks omitted). Types of "illegal" sentences which a defendant can successfully challenge despite an appeal waiver involve fundamental issues, including claims that a district court exceeded its authority, *see*, *e.g.*, *United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) (finding district court's imposition of restitution in absence of authority to do so to be "illegal"), or "premised its sentence on a constitutionally impermissible factor such as race, or violated the post-plea right to counsel." *Copeland*, 707 F.3d at 530 (internal quotation marks and alterations omitted). The Fourth Circuit

and other circuit courts have held that if a defendant is informed of the statutory penalties associated with the ACCA, a challenge to a sentencing enhancement based upon being found an armed career criminal falls within the scope of the waiver. *See United States v. Haskins*, 198 F. App'x 280 (4th Cir. 2006); *United States v. McGee*, 516 F. App'x 515 (6th Cir. 2013); *United States v. Adkins*, 636 F.3d 432, 434 n.3 (8th Cir. 2011).

### B. WAIVER – DISCUSSION

The Government argues that the issues presented in Defendant's original § 2255 motion are barred by Defendant's waiver of post-conviction remedies contained in his plea agreement. Defendant did not respond to this argument in his *pro se* opposition filed in reply to the Government's dispositive motion.

At Defendant's Rule 11 hearing, the court reviewed the entire plea agreement with Defendant, including the paragraph containing the appellate and post-conviction relief waiver. The court found that Defendant understood the terms of the plea agreement, including the waiver, that Defendant was competent to enter the plea, and that Defendant's plea was knowing and voluntary. Defendant presents no argument that he was not competent to enter the plea or that he did not understand the terms of the waiver. Accordingly, the Government is entitled to summary judgment on Defendant's original grounds raised in his motion under § 2255, as neither ground for relief asserts a claim of ineffective assistance of counsel or prosecutorial misconduct.

### III. AMENDMENT – INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. BACKGROUND

In his reply to the Government's summary judgment motion, Defendant reported that he had received a letter from defense counsel that "I wasn't qualified for [the ACCA enhancment] and I was falsely sentenced . . . ." Reply at 1, ECF No. 63. The court notified the parties that it would

construe Defendant's reply as an amendment to the motion under § 2255 raising a claim of ineffective assistance of counsel for failure to object to Defendant's classification as an armed career criminal.

Supplemental briefs were received, addressing this claim. In the meantime, the Supreme Court decided to reconsider the "void for vagueness" issue as to the residual clause of the ACCA via the *Johnson* case.

On June 26, 2015, the Supreme Court held that the residual clause of ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, __ S. Ct. at __, 2015 WL 2473450 at *__, slip op. at 5 (U.S. June 26, 2015). The decision in *Johnson* means the residual clause cannot support Defendant's classification as an armed career criminal. Therefore, failure of defense counsel to object on that basis has not prejudiced Defendant. The Government, however, also argues Defendant has sufficient qualifying predicate offenses under other provisions of the ACCA. Specifically, the Government now argues that Defendant's four South Carolina convictions for Burglary Third Degree and his conviction for Assault on a Corrections Employee remain ACCA predicate offenses. Consequently, the Government contends defense counsel was not ineffective and that Defendant has failed to show actual prejudice.

### B. THE ACCA

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent

> felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .
>
> As is relevant to this case, the statute defines "violent felony" as
>
> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted as the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause." As noted above, the *Johnson* decision rendered the "residual clause" unconstitutionally void for vagueness.

### C. PERTINENT ACCA FACTS

#### 1. BURGLARY THIRD DEGREE CONVICTIONS

At the time of his sentencing on January 8, 2014, Defendant had four prior South Carolina convictions for Burglary, Third Degree, in violation of S.C. Code § 16-11-313(A). South Carolina Code § 16-11-313(A) provides "A person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein."

The definitional section associated with a violation of § 16-11-313(A) is found at South Carolina Code § 16-11-310. This statute provides:

(1) "Building" means any structure, vehicle, watercraft, or aircraft:

(a) Where any person lodges or lives; or

(b) Where people assemble for purposes of business, government, education, religion, entertainment, public transportation, or public use or where goods are stored. Where a building consists of two or more units separately occupied or secured, each unit is deemed both a separate building in itself and a part of the main building.

S.C.Code § 16-11-310.

The Government concedes that "South Carolina's third degree burglary statute, S.C. Code § 16-11-313, is not categorically 'generic' burglary under the 'enumerated offenses clause' of 18 U.S.C. § 924(e) because it includes conduct beyond 'generic' burglary." Supplemental Resp. at 7, ECF No. 77.[4]

The Government now argues, however, that Defendant's "South Carolina third degree burglary convictions qualify as 'generic burglaries' under the modified categorical approach."[5] *Id.*

---

[4]Burglary, for application of the penalty provided in the ACCA, has been limited to "generic" burglary, defined as the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). However, statutes that define burglary so as to include unlawful entry into an automobile or places other than buildings are broader than the generic definition, and consequently, not included in the generic definition. *See Shepard v. United States*, 495 U.S. 13, 15-16 (2005) ("The [ACCA] makes burglary a violent felony only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle."); *United States v. Henriquez*, 757 F.3d 144, 147 (4th Cir. 2014). Because South Carolina's third degree burglary statute defines "building" to include "any structure, vehicle, watercraft or aircraft: (a) Where any person lodges or lives; or (b) Where people assemble for purposes of business, government, education, religion, entertainment, public transportation, or public use or where goods are stored[,]" it is broader than generic "burglary" and thus not categorically generic "burglary" under the enumerated offenses clause of § 924(e)(2)(B)(ii).

[5]When determining whether a defendant's prior conviction qualifies as a violent felony under the ACCA, courts focus on "the fact of conviction and the statutory definition of the prior offense" rather than the specific conduct underlying the offense. *Taylor v. United States*, 495 U.S. 575, 602 (1990). This analysis is generally called the "categorical approach." Periodically, a defendant is convicted of an offense or under a statute that lists "potential offense elements in the alternative,

The court disagrees. Even assuming without deciding that S.C. Code § 16-11-313(A) is divisible,[6] as the Government argues, an analysis of Defendant's third degree burglary convictions using the modified categorical approach fails to establish that these convictions qualify as "generic" burglaries.

Defendant was indicted in three cases for second degree burglary and in one case for first degree burglary.[7] However, he pleaded guilty to third degree burglary in each instance. Quite

---

render[ing] opaque which element played a part in the defendant's conviction." *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2283 (2013). These statutes are divisible; that is, they set out "elements in the alternative and thus create multiple versions of the crime." *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) (quoting *United States v. Montes-Flores*, 736 F.3d 357, 365 (4th Cir. 2014)). *See also United States v. Gomez*, 690 F.3d 194, 199 (4th Cir. 2012) (divisible statutes "contain[ ] divisible categories of proscribed conduct, at least one of which constitutes—by its elements—a violent felony."). If a statute is divisible, the Supreme Court has authorized sentencing courts to review certain underlying state court materials "only to assess whether the plea was to the version of the crime . . . corresponding to the generic offense." *Shepard v. United States*, 544 U.S. 13, 25-26 (2005) (internal quotation marks omitted). This limited review of these underlying materials has been called the "modified categorical approach." The Supreme Court recently emphasized that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282. "[T]he modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute." *Id*. at 2285. When a defendant has been convicted of an indivisible statute which "extends further than the generic offense[,]" *id*. at 2289, "[w]hatever the underlying facts or the evidence presented, the defendant still would not have been convicted, in the deliberate and considered way the Constitution guarantees, of an offense with the same (or narrower) elements as the generic offense." *Id*. at 2290. Accordingly, if the statute of conviction defines the offense "not alternatively, but only more broadly, than the generic offense," the modified categorical approach "has no role to play." *Id.* at 2283, 2285.

[6]*But see State v. Smalls*, 519 S.E.2d 793 (S.C. Ct. App. 1999) (indictment for first degree burglary sufficient; definitions contained in definitional statutes (S.C. Code §§ 16-11-10 and 16-11-310) not elements of offense).

[7]The Government does not rely on Defendant's indictment for first degree burglary under S.C. Code § 16-11-311 in its discussion and analysis of Defendant's third degree burglary convictions. As with his other indictments, he pleaded guilty to third degree burglary under S.C. Code § 16-11-313. The *Shepard* documents associated with this conviction indicate that Defendant was indicted for unlawfully entering the "dwelling of" an individual without consent and with the
(continued...)

10

simply, there are no *Shepard* documents available to determine the version of a divisible third degree burglary offense to which Defendant pleaded guilty. Defendant is correct when he argues that

> [t]he SCCA/217 (plea sheet) for each guilty plea reflects only a plea to third degree burglary; it does not reflect which of the 44 plus versions of third degree burglary (which must exist for third degree burglary to be a divisible statute) Jones pleaded guilty to. We cannot know, and cannot tell, if the version of third degree burglary to which Jones pleaded guilty involved the unlawful or unprivileged entry into a building, storehouse, vehicle, aircraft, watercraft, etc. There is no way to tell if Jones admitted to all the elements to establish his guilt of an ACCA generic burglary (unprivileged entry into a building), rather than a non-ACCA generic burglary (unprivileged entry into a vehicle, watercraft, aircraft, etc.).

Reply to Gov't Supplemental Resp. at 12, ECF No. 78.

The Government argues that because third-degree burglary is the lesser included offense of S.C. Code § 16-11-312(B), second degree burglary with aggravating circumstances, this court should apply the modified categorical approach and examine "those facts alleged in the original

---

[7](...continued)
intent to commit a crime therein. However, the definition of "dwelling" under S.C. Code § 16-11-10 provides

> [w]ith respect to the crimes of burglary and arson and to all criminal offenses which are constituted or aggravated by being committed in a dwelling house, any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings, sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels.

This definition is overbroad under *James v. United States*, 550 U.S. 192, 211 n.7 (2007) ("Burglary under Florida law differs from 'generic burglary' [because it] extends not just to entries of structures, but also of 'conveyances.' . . . We [also] agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in *Taylor* . . . ."), *overruled on other grounds by Johnson v. United States*, 576 U.S. __, __ S. Ct. __, 2015 WL 2473450 (U.S., June 26, 2015).

11

indictment that correspond to the elements of the lesser included offense." Supp. Resp. at 16 (quoting *United States v. Martin*, 215 F.3d 470, 473 (4th Cir. 2000)).[8] However, the Government's reliance on *Martin* is faulty. First, the proposition upon which the Government relies was not a holding in *Martin*. *See Martin*, 215 F.3d at 473 ("Assuming without deciding that when a jury convicts a defendant of a lesser included offense it is permissible to consider those facts alleged in the original indictment that correspond to the elements of the lesser included offense . . . ."). Second, *Martin* was decided prior to the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13, 24 (2005), which found that "without a charging document that narrows the charge to generic limits, the only certainty of a generic finding lies in jury instructions, or bench-trial findings and rulings, or (in a pleaded case) in the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea." *See id.* at 20 (approving reference to "a transcript of plea colloquy or [a] written plea agreement presented to the court, or [a] record of comparable findings of fact *adopted by the defendant upon entering the plea*.") (emphasis added). Finally, the only post-*Shepard* case in the Fourth Circuit citing *Martin* for this proposition acknowledges that "[b]ecause Bacote pled guilty to a lesser offense, the conduct set out in the original charging document is not the conduct for which Bacote was convicted. Even if the district court may consider facts alleged in the original charging document, it is limited to those facts that correspond to the elements of the lesser included offense." *United States v. Bacote*, 189 F. App'x 191, 194 (4th Cir.

---

[8]In South Carolina, the elements of third degree burglary are (1) entry into a building; (2) without consent; and (3) with intent to commit a crime therein. *See State v. Wertz*, 562 S.E.2d 654, 656 (S.C. 2002) (citing without criticism trial court's jury charge that a defendant is guilty of South Carolina third degree burglary if he "enters a building without consent and with intent to commit a crime therein."). *See also* Ralph King Anderson, *South Carolina Requests to Charge: Criminal* 89-90 (2007) (indicating elements of third degree burglary are "entry into a building," "without consent," "with intent to commit a crime therein").

2006) (*per curiam*) (citation omitted). *See also United States v. Turner*, 349 F.3d 833, 836 (5th Cir. 2004) (citing *Martin*; finding that "there is no document actually charging him with the offense for which he was ultimately convicted[,]" and therefore "[a]bsent a relevant indictment, [the court] reexamine[s] the elements of the lesser included offense of which Turner was convicted . . . .").

As is relevant to this discussion, Defendant was indicted on one count of first degree and three counts of South Carolina second degree burglary. Each of the indictments for second degree burglary states that Defendant did "willfully and unlawfully enter without consent and with the intent to commit a crime therein, a building, to wit:," and each indictment then notes (presumably) the name of a business. However, the indictments contain no other identifying information, such as a street address, that would necessarily narrow the offenses to which Defendant pleaded guilty to burglary of a "structure" versus burglary of a "vehicle, watercraft, or aircraft. . . ." S.C. Code § 16-11-310(A). In other words, when Defendant pleaded guilty to third degree burglary in each case, no *Shepard*-approved records of "findings of fact adopted by the defendant upon entering the plea" exist which would necessarily limit Defendant's conviction to an offense equating "generic" burglary. To find otherwise would be to engage in fact-finding prohibited by the Supreme Court in *Taylor* and its progeny. In this circumstance, much like being convicted of a burglary offense with an overbroad definition of burglary, "the defendant still would not have been convicted, in the deliberate and considered way the Constitution guarantees, of an offense with the same (or narrower) elements as the generic offense." *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 2290 (2013).

For these reasons, Defendant's South Carolina burglary third degree convictions are not predicate offenses under the ACCA.

13

### 2. ASSAULT ON A CORRECTIONS OFFICER

The Government now contends that even without counting Defendant's four third degree burglary convictions, he still has three qualifying ACCA predicate offenses. The difficulty with this argument is that Defendant's South Carolina conviction for Assault on a Correctional Officer is not, and was not at the time Defendant was sentenced, a qualifying ACCA predicate offense under the "force" clause of 18 U.S.C. § 924(e)(2)(B)(i).

The conviction at issue was for violation of S.C. Code § 16-3-630 (repealed 2010 Act No. 273, § 7.2, eff. June 2, 2010), entitled "Conviction of Assault Upon State or Local Correctional Facility Employee, Penalty." Elements of the offense were: (1) an assault occurred; (2) the victim was a state or local correctional facility employee; and (3) the employee was performing job-related duties. *State v. Wilkes*, 550 S.E.2d 332, 333 (S.C. Ct. App. 2001), *rev'd on other grounds*, 578 S.E.2d 717 (S.C. 2003).

South Carolina assault requires no contact between the victim and the perpetrator. *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008). As of 2010, the Supreme Court had ruled that a Florida statute prohibiting battery, which was satisfied "by any intentional physical contact, no matter how slight," did not meet the requirements of the force clause at 18 U.S.C. § 924(e)(2)(B)(i) and was not a violent felony under the ACCA. *Johnson v. United States*, 559 U.S. 133, 136-38 (2010). As of January 2014 when Defendant was sentenced, the Fourth Circuit had decided *United States v. White*, 606 F.3d 144 (4th Cir. 2010), *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), and *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013),[9] all of which made clear that

---

[9]*Carthorne* involved the examination of a predicate Virginia conviction for assaulting a police officer (under a statute that also covered corrections officers). The court found that the prior
(continued...)

14

even an element of an offense requiring physical contact did not suffice under the force clause unless the force is " violent force-that is, force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Consequently, Defendant's South Carolina conviction for Assault on a Correctional Officer in violation of S.C. Code § 16-3-630, is not, and was not at the time Defendant was sentenced, a qualifying ACCA predicate offense.

### D. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

#### 1. STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). To be ineffective, counsel's actions must be "objectively unreasonable under prevailing professional standards." *United States v. Tucker*, 603 F.3d 260, 262 (4th Cir. 2010). In assessing counsel's action, "lack of preparation and research cannot be considered the result of deliberate, informed trial strategy." *Hyman v. Aiken*, 824 F.2d 1405, 1416 (4th Cir.1987).

---

[9](...continued)
conviction was not categorically a crime of violence under U.S.S.G. § 4B1.2(a)(1) because the divisible statutory offense, which incorporated Virginia's common law definitions of assault and battery, did not require the use of force. *Carthorne*, 726 F.3d 503, 512-13.

### 2. WAS COUNSEL INEFFECTIVE?

To obtain relief via a claim of ineffective assistance of counsel, Defendant must establish that counsel was ineffective and that he suffered prejudice as a result. The question is whether counsel was ineffective in failing to argue that Defendant's third degree burglary convictions and his conviction for assault on a correctional officer were not predicate offenses under the ACCA.

Burglary, for application of the penalty provided in the ACCA, has been limited to "generic" burglary, defined as the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. As noted above, the Supreme Court has ruled that burglary statutes covering vehicles and boats are excluded from the definition of generic burglary. *Shepard v. United States*, 544 U.S. 13, 15-16 (2005) (the ACCA "makes burglary a violent felony only if committed in a building or enclosed space . . . not in a boat or motor vehicle."). *See also James v. United States*, 550 U.S. 192, 211 n.7 (2007) ("Burglary under Florida law differs from 'generic burglary' [because it] extends not just to entries of structures, but also of 'conveyances.' . . . We [also] agree that the inclusion of curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in *Taylor* . . . ."), *overruled on other grounds by Johnson v. United States*, 576 U.S. __, __ S. Ct. __, 2015 WL 2473450 (U.S., June 26, 2015).[10] These cases were decided well before Defendant was indicted and sentenced.

South Carolina's third degree burglary definition of "building" includes a vehicle, watercraft,

---

[10]*But see United States v. Hall*, 495 F. App'x 319, 327 (4th Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 2734 (2013) (S.C. Code § 16-11-313 meets "the basic requirement for classifying a burglary as a qualifying violent felony for ACCA purposes: unlawful entry into a physical structure with the intent to commit a crime."). *Compare United States v. Henriquez*, 757 F.3d 144, 150 (4th Cir. 2014) ("If a defendant could be convicted of burglarizing a dwelling that happens to be a boat or motor vehicle, *Shepard* precludes the application of the sentence enhancement in Guidelines Section § 2L1.2(b)(1)(A)(ii) to such a conviction.").

16

or aircraft where "any person lodges or lives" or "where people assemble" or "where goods are stored." S.C. Code § 16-11-310(1), (2). These definitions necessarily take South Carolina's third degree burglary statute beyond "generic burglary" as defined in *Taylor*.

On August 13, 2013, the Fourth Circuit decided *Carthorne v. United States*, 726 F.3d 503 (4th Cir. 2013). In *Carthorne*, the Fourth Circuit applied the Supreme Court's 2010 *Johnson* decision and found that Virginia's offense of assault and battery on a police officer was not a crime of violence under the residual clause.

Accordingly, as *Taylor* and its progeny and Fourth Circuit cases applying the Supreme Court's 2010 *Johnson* decision, including *Carthorne*, had been decided prior to Defendant's sentencing, the court finds "counsel's failure to object to the use of [these] conviction[s] as [ ] predicate violent felony conviction[s] was objectively unreasonable under prevailing professional standards." *United States v. Tucker*, 603 F.3d 260, 262 (4th Cir. 2010).[11]

### 3. PREJUDICE TO DEFENDANT

If counsel had objected to Defendant's designation as an armed career criminal on the basis of *Taylor*, *Shepard*, *James*, the 2010 *Johnson* decision, *Descamps*, and Fourth Circuit case law applying the 2010 *Johnson* decision, the maximum statutory penalty would have been ten years' imprisonment. Therefore, counsel's failure to object prejudiced Defendant, and Defendant is entitled to relief.

---

[11]The court is aware of, and sympathetic to, the "often vexing question of whether a conviction used to enhance a sentence under the Armed Career Criminal Act is a 'violent felony' within the meaning of the Act." *United States v. Martin*, 753 F.3d 485, 496 (4th Cir. 2014) (Diaz, J., concurring). *See also Omargharib v. Holder*, 775 F.3d 192, 200 (4th Cir. 2014) (Niemeyer, J., concurring) (describing the "ever-morphing analysis and the increasingly blurred articulation of applicable standards" regarding application of the modified categorical approach).

### IV. CONCLUSION

For the reasons noted above, the Government's motion for summary judgment is **granted in part and denied in part**. The Judgment Order in CR 0:13-480 filed January 8, 2014, is hereby **vacated**, and this matter is set for resentencing on **Tuesday, September 15, 2015, at 2:00 p.m.**

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 14, 2015